**In re ADVANCED ELECTRONICS, INC., Debtor.**

**Bankruptcy No. 5-89-00221.**

United States Bankruptcy Court, M.D. Pennsylvania.

April 18, 1989.

See also, Bkrtcy., 99 B.R. 245.

Charles A. Szybist, Williamsport, Pa., for petitioning Creditors, Star, Supra and Okidata.

Allen E. Ertel, Williamsport, Pa., for Philip Courtright.

Elliott B. Weiss, Williamsport, Pa., for Mark Reeder.

## MEMORANDUM AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

At the outset of the hearing by petitioning creditors for appointment of a Trustee and authority to operate the business, counsel moved to incorporate the record developed in the Involuntary Bankruptcy adjudication into this record. Said Motion was granted, therefore, the findings set forth in the earlier adjudication are hereby adopted by this Court.

From the foregoing, it is clear that the Board of Directors in Advanced Electronics, Inc. is in effect deadlocked. This raises serious questions about its ability to operate profitably. According, immediate consideration must be given to the appointment of a Trustee.

We note at the outset that such an appointment would not be grounded on fraud, gross mismanagement or any "cause" mentioned in § 1104(a)(1), rather the following § 1104(a)(2) is relied upon. This permits the Court to order the appointment of a Trustee in the best interests of the estate. As stated in *In re Petralex Stainless, Ltd.,* 78 B.R. 738 (Bankr.E.D.Pa.1987) at p. 745:

> "Under such chaotic circumstances, a disinterested trustee can impartially assess Petralex's condition and work with the warring factions, thus facilitating the decision making process."

In view of the foregoing, we enter the following Order.