**In the Matter of TAHKENITCH TREE FARM PARTNERSHIP, Debtor.**

**Bankruptcy No. 92–12878–JAB.**

United States Bankruptcy Court, E.D. Louisiana.

July 29, 1993.

James S. Holliday, Jr., John C. Anderson, Chehardy, Sherman, Ellis, Breslin & Murray, Baton Rouge, LA, Richard W. Martinez, Tranchina and Martinez, New Orleans, LA, for Yorkshire Partnership, Ltd.

Charles L. Stern, Jr., Steeg and O'Connor, New Orleans, LA, for defendants, Pacific Capital Partners.

Rudy Cerone, McGlinchey, Stafford, Lang, New Orleans, LA, for Capital Consultants, Inc.

J. David Forsyth, Sessions & Fishman, New Orleans, LA, for Roseburg Forest Products, Co.

Michael Doyle, Eugene, OR, for Murphy Sales Co.

### *REASONS FOR ORDER*

JERRY A. BROWN, Bankruptcy Judge.

The motion of Yorkshire Partnership, Ltd. ("Yorkshire") for appointment of a trustee, for limitations on operations of estate property, and for an accounting of property of the estate [1] came before the Court, along with several other matters, on May 19, May 21, and June 21 through June 24, 1993. (Pl. 84). The Court took the motion under advisement, and permitted the parties to file supplemental memoranda. Having considered the evidence, the pleadings, and the applicable law, the Court makes the following determination.

### I. FACTUAL BACKGROUND

The debtor, Tahkenitch Tree Farm Partnership ("Tahkenitch"), is a partnership comprised of Yorkshire and Pacific Capital Partners ("PCP"), each of whom are general partners.

On October 7, 1991, the debtor entered into an agreement ("the Sale Agreement") with Murphy Sales Company ("Murphy") for the purchase of timberland in Oregon (the "Property"). The Sale Agreement was amended on four occasions to extend the closing deadline; the final amendment extended the deadline to November 2, 1992. In connection with the execution of the original Sale Agreement and the extensions, Tahkenitch paid Murphy over $7,000,000 in earnest money. Of this sum, $100,000 was contributed by PCP, and the remainder was borrowed by PCP and Yorkshire from Capital Consultants, Inc. ("CCI").

On July 8, 1992, Yorkshire instituted this involuntary Chapter 11 proceeding, based on its concern that the debtor would be unable to obtain the financing necessary to close the sale with Murphy, thereby allowing the Sale Agreement to expire and the earnest money to be forfeited. The order for relief was entered on November 2, 1992.

Later, pursuant to a motion submitted by PCP on behalf of Tahkenitch, the Court authorized the debtor to assume and assign the Sale Agreement to Pacific Capital Partners of Oregon, Inc. ("Pacific of Oregon"). (Pl. 62, Order of December 22, 1992). In accordance with the Order of December 22, 1992, and using the additional funds made available by CCI, Pacific of Oregon purchased the Property from Murphy on December 28, 1992.

The Court permitted the assignment to Pacific of Oregon on the condition that Pacific of Oregon operate as the agent for the debtor, and submit itself to the jurisdiction of this Court. (Pl. 47, Order of December 11, 1992). Therefore, Pacific of Oregon, a subsidiary of PCP, has been operating as debtor in possession, and as the agent for the debtor. Pacific of Oregon has been harvesting and selling the timber on the Property through a contract manager, Western Pacific Timber, Inc.

Yorkshire and PCP are currently involved in at least two lawsuits presently pending in the Louisiana and Oregon state courts in which the ownership interests of Tahkenitch are at issue. (Yorkshire Ex. 1– Ex. 5).

On January 25, 1993, the Court denied Yorkshire's first motion to appoint a trustee on the grounds that cause did not exist, and there was no indication that the principals of PCP intended to freeze out the principals of Yorkshire.

### II. ANALYSIS

Section 1104 of the Bankruptcy Code, 11 U.S.C. § 1104, provides for the appoint-

---

[1]. The motion as filed also seeks the rejection of executory contracts (i.e., the "first Roseburg contract"), the amendment of prior judgments, and "other relief". After the hearings, Yorkshire stipulated that the portions of the motion requesting rejection of executory contracts, the amendment of prior judgments, and "other relief" are withdrawn from this motion, having been asserted and contained in other pleadings pending before the Court.

ment of a trustee in a Chapter 11 case on two grounds: (1) Under Section 1104(a)(1) "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case ..."; and (2) under Section 1104(a)(2), "if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate".

There is a presumption in Chapter 11 that the debtor is to continue in control and possession of its business. *In re Garland Corp.*, 6 B.R. 456, 460 (1st Cir.B.A.P. 1980). Therefore, the appointment of a trustee should be the exception, rather than the rule. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1225 (3rd Cir.1989). The appointment of a trustee in a chapter 11 case is an extraordinary remedy. *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 167 (Bankr.S.D.N.Y.1990). The need for a trustee must be proved by clear and convincing evidence. *In re Sharon Steel Corp*, 871 F.2d at 1226.

Yorkshire argues that sufficient grounds exist for the appointment of a trustee for cause because: (1) PCP has been engaged in a systematic pattern and course of action to attempt to forfeit the rights of Yorkshire in the debtor; (2) the debtor is unable to function by vote of the two partners, due to their hostility towards each other; (3) PCP failed to open a debtor in possession bank account; (4) PCP failed to gain prior approval for the employment and payment of professionals, including attorneys, and a loan broker; (5) estate monies have been improperly handled by payment of $50,000 between February and May, 1993 from Western Pacific, the harvest administrator, to the Blixseth Co.; and (5) PCP failed to gain prior approval for the payment of a loan fee of $500,000 to CCI.

PCP, operating as the debtor, argues: Even before Yorkshire complained about the payment of the legal fees, Pacific [PCP], recognizing belatedly that Oregon closing counsel had misunderstood the import of the Court's prior orders designating PCPO [Pacific of Oregon] as

agent of the debtor, had begun remedial steps to reverse those payments. Similarly, it has filed *nunc pro tunc* motions so that the Court may address the propriety of the payments made at closing to Michael Gray, the loan broker, and to CCI.

(Pl. 168, Memorandum of Tahkenitch Tree Farm Partnership and Pacific Capital Partners in Opposition to Motion to Appoint Trustee, p. 5). PCP contends that the payments made at the closing must be considered as an isolated event, and that every effort has been made to rectify the problem. PCP further argues its principals did not authorize the payment by Western Pacific to the Blixseth Co., and that demand has been made for return of the payment. PCP suggests it is willing to have Western Pacific replaced as harvest manager.

Although PCP has asserted the reason for payment of fees to professionals was due to the misunderstanding of Oregon counsel, and is attempting to correct the prior transactions, the Court is deeply concerned with the manner in which the transactions were handled. It is apparent that a neutral party, such as a trustee, would be of great assistance in representing *both* of the general partners of the debtor. Yorkshire's arguments that cause exists for the appointment of a trustee under Section 1104(a)(1) has merit. The Court is not persuaded, however, that Yorkshire has carried its burden of proving fraud, dishonesty, incompetence, or gross mismanagement. Instead, the Court finds that the "cause" for appointment of a trustee is PCP's conflict with Yorkshire which prevents PCP from acting as agent for Tahkenitch in a fair and unbiased manner, and that in at least some instances, PCP is acting in its own interests rather than on behalf of Tahkenitch. That this is sufficient "cause" under Section 1104(a)(1) is supported by Collier's position that, in the absence of Section 1104(a)(2), a stalemate among partners constitutes sufficient "cause" under subsection (a)(1) to justify an order for appointment of a trustee. 5 *Collier on Bankruptcy* ¶ 1104.01, at 1104–29 (15th ed. 1993). The Court concludes

that this is a case in which the extraordinary remedy of appointment of a trustee is appropriate under Section 1104(a)(1).

■ Appointment of a trustee is also proper under Section 1104(a)(2). When the board of directors of a corporation is effectively deadlocked, appointment of a trustee is in the best interest of the estate. *In re Advanced Electronics, Inc.*, 99 B.R. 249 (Bankr.M.D.Pa.1989); *In re Petralex Stainless, Ltd.*, 78 B.R. 738, 745 (Bankr. E.D.Pa.1987). *See also In re Public Service Co.*, 99 B.R. 177 (Bankr.D.N.H.1989) (Examiner appointed to mediate and aid in breaking a deadlock in plan negotiations). As stated in *In re Petralex Stainless, Ltd.*, 78 B.R. at 745:

> Under such chaotic circumstances, a disinterested trustee can impartially assess Petralex's condition and work with the warring factions, thus facilitating the decision making process.

In the pending case the two general partners of the partnership are actively involved in litigation over their ownership interests in the partnership, and are deadlocked on management and control issues related to Tahkenitch. Collier suggests, without case authority, that the existence of a split among partners in a partnership case which prevents the partnership from managing the debtor's affairs would justify the appointment of a trustee under subsection (a)(2), even though the elements of fraud, dishonesty, incompetence or gross mismanagement are not present. 5 *Collier on Bankruptcy* ¶ 1104.01, at 1104–29 (15th ed. 1993).

PCP has argued that because subsection (a)(2) is in the conjunctive, Yorkshire must prove that the interests of all the statutory classes—creditors, equity security holders, and other interests of the estate—would be served by appointment of a trustee. Collier agrees. *Id.* at 1104–28 and 29. The answer to this argument is furnished by *In re Philadelphia Athletic Club, Inc.*, 15 B.R. 60, 62 (Bankr.E.D.Pa.1981), where the court stated:

> [W]here, as here, the rights of all creditors are fully protected, it is incumbent on the court to seek to protect the interests of the equity holders as well. This is clear, particularly in the case of the appointment of a trustee.

The interest of CCI, the only substantial creditor, is adequately protected under both of the plans submitted to the Court, and all of the evidence shows the Property is worth more than the CCI debt. Considering the other alleged improprieties that occurred while PCP was in control, even though provisions have been made for rectification, it is clear that the appointment of a trustee is warranted under Section 1104(a)(2).

PCP contends this Court should not get involved in determining the rights of Yorkshire and PCP in Tahkenitch, and should let the ownership of Tahkenitch be determined in the litigation pending in the state court suits. The Court agrees, and makes no determination of the respective ownership interests of Yorkshire and PCP in Tahkenitch. Unfortunately, however, the direction and course of this bankruptcy case depends upon the goals and purposes of its owners. The principals of Yorkshire want Tahkenitch to quit the lumber business, and liquidate the debtor's interest in the Property. The principals of PCP would like to stay in the lumber business for the next several years, and develop the Property. As such, Yorkshire and PCP have each filed competing disclosure statements and plans which comport with their respective goals. The entity in control of the debtor has an impact upon which plan and course of action should be adopted. A disinterested trustee will be able to facilitate the decision making process.

An order in accordance with these reasons will be entered.

### *ORDER*

Considering the foregoing reasons for order,

**IT IS ORDERED** that the motion of Yorkshire Partnership, Ltd. for appointment of a trustee is **GRANTED.**

**IT IS FURTHER ORDERED** that the United States Trustee shall appoint a trust-

ee, and shall attempt to find a trustee who is familiar with the timber industry.

**IT IS FURTHER ORDERED** that the trustee shall have all of the powers and duties provided by the Bankruptcy Code to manage the affairs of the debtor and Pacific Capital Partners of Oregon, Inc.

New Orleans, Louisiana, this 29th day of July, 1993.